IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BASF PLANT SCIENCE, LP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 17-421-VAC-CJB |
| | ) |
| NUSEED AMERICAS INC., | ) |
| | ) |
| Defendant. | ) |

**OPENING BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

James M. Lennon (No. 4570)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
jlennon@ycst.com
swilson@ycst.com

*Attorneys for Defendant*

OF COUNSEL:

Lawrence M. Sung
Mary Sylvia
WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
(202) 719-7000
lsung@wileyrein.com
msylvia@wileyrein.com

Dated: July 14, 2017

# **TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES ................................................................................................... iii

NATURE AND STAGE OF THE PROCEEDINGS ................................................................ 1

INTRODUCTION AND SUMMARY OF ARGUMENT ........................................................ 2

STATEMENT OF FACTS ........................................................................................................ 4

ARGUMENT ............................................................................................................................. 5

I. THE COMPLAINT DOES NOT NAME PROPER AND NECESSARY PARTIES ........ 5

    A. Nuseed Americas is an Improper Party .............................................................. 5

    B. The Complaint Does Not Name Necessary Parties and Must Be Dismissed ................. 6

II. BASF CANNOT ESTABLISH SUBJECT MATTER JURISDICTION FOR DECLARATORY JUDGMENT ........................................................................................ 8

    A. Legal Standards .................................................................................................. 8

    B. There is No Justiciable Controversy Between Nuseed Americas and BASF ................. 9

        1. There is No Actual or Threatened Litigation ............................................... 9

        2. Since Filing the Complaint, BASF Has Continued Business Discussions with Nuseed Americas, Mooting Any Justiciable Controversy ................................................ 10

III. EVEN ASSUMING A JUSTICIABLE CONTROVERSY, THIS COURT MAY DECLINE TO HEAR BASF'S CASE FOR PRUDENTIAL REASONS ................................. 11

CONCLUSION ........................................................................................................................ 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Acceleration Bay, LLC v. Activision Blizzard, Inc.*,
   C.A. Nos. 15-228-RGA, 15-285-RGA, 15-311-RGA,
   2016 WL 3186890 (D. Del. June 3, 2016) ............................................................................7

*Butamax Advanced Biofuels, LLC v. Gevo, Inc.*,
   C.A. No. 12-1301-SLR, 2013 WL 1856308 (D. Del. May 2, 2013) .....................................10

*Danisco US. Inc. v. Novozymes A/S*,
   744 F.3d 1325 (Fed. Cir. 2014) ............................................................................................10

*Erbamont, Inc. v. Cetus Corp.*,
   720 F. Supp. 387 (D. Del. 1989) ............................................................................................6

*Gould Elecs., Inc. v. United States*,
   220 F.3d 169 (3d Cir. 2000) ...................................................................................................8

*Hewlett-Packard Co. v. Acceleron LLC*,
   587 F.3d 1358 (Fed. Cir. 2009) ..............................................................................................9

*Intellectual Prop. Dev., Inc. v. TCI Cablevision of Cal., Inc.*,
   248 F.3d 1333 (Fed. Cir. 2001) ..............................................................................................7

*Jurimex Kommerz Transit G.m.b.H. v. Case Corp.*,
   201 F.R.D. 337 (D. Del. 2001) ...............................................................................................7

*Kuhn Constr. Co. v. Diamond State Port Corp.*,
   C.A. No. 10-637-SLR, 2011 WL 1576691 (D. Del. Apr. 26, 2011) ......................................8

*Medimmune, Inc. v. Genentech, Inc.*,
   549 U.S. 118 (2007) ..........................................................................................................8, 11

*Pfizer Inc. v. Mylan, Inc.*,
   C.A. No. 15-26-SLR-SRF, 2016 WL 1319700 (D. Del. Apr. 4, 2016) ..................................6

*Prasco, LLC v. Medicis Pharm. Corp.*,
   537 F.3d 1329 (Fed. Cir. 2008) ..........................................................................................8, 9

*Streck, Inc. v. Research & Diagnostic Sys., Inc.*,
   665 F.3d 1269 (Fed. Cir. 2012) ..............................................................................................9

*W.L. Gore & Assocs., Inc. v. AGA Med. Corp.*,
   C.A. No. 11-539, 2012 WL 924978 (D. Del. Mar. 19, 2012) ................................................9

**Statutes**

28 U.S.C. § 2201 .................................................................................................................3, 4, 11

28 U.S.C. § 2201(a) ...............................................................................................................1, 8, 12

35 U.S.C. §§ 102, 103, 112 ............................................................................................................1

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(1) ..........................................................................1, 2, 8, 12

Federal Rule of Civil Procedure 12(b)(6) .....................................................................1, 2, 6, 8, 12

Federal Rule of Civil Procedure 12(b)(7) ..........................................................................1, 2, 8, 12

Federal Rule of Civil Procedure 19 .......................................................................................passim

Federal Rule of Civil Procedure 19(a) ............................................................................................6

Federal Rule of Civil Procedure 19(b) ............................................................................................6

## NATURE AND STAGE OF THE PROCEEDINGS

Nuseed Americas Inc. ("Nuseed Americas") is the sole named Defendant in the Complaint filed by Plaintiff BASF Plant Science, LP ("BASF") that seeks a declaratory judgment of patent invalidity of eight U.S. patents.

On April 13, 2017, BASF filed a declaratory judgment action against Nuseed Americas. D.I. 1 ("the Complaint"). BASF seeks a declaration that U.S. Patents No. 7,807,849, No. 7,834,250, No. 8,106,226, No. 8,288,572, No. 8,575,377, No. 8,809,559, No. 8,853,432, and No. 9,458,410 (collectively "the patents-in-suit"), are invalid respectively under 35 U.S.C. §§ 102, 103 and/or 112.

On April 27, 2017, the Court entered an order approving a stipulation, D.I. 7, which extended Nuseed Americas' deadline to respond to the Complaint to June 5, 2017. On May 31, 2017, the Court entered an order approving a second stipulation, D.I. 8, which extended Nuseed Americas' deadline to respond to the Complaint to July 14, 2017.

Nuseed Americas respectfully moves this Court to dismiss the Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) and 28 U.S.C. § 2201(a), and for failure to state a claim and/or for failure to join one or more indispensable parties pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7).

## INTRODUCTION AND SUMMARY OF ARGUMENT

Defendant Nuseed Americas moves this Court to dismiss the Complaint by Plaintiff BASF that seeks a declaratory judgment of invalidity of eight U.S. patents. Dismissal is appropriate pursuant to Federal Rules of Civil Procedure 12(b)(1), (6) and/or (7) for lack of subject matter jurisdiction, failure to state a claim, and/or for failure to join one or more indispensable parties. The Complaint fails to allege facts, that under all circumstances, would show that there is a substantial controversy between the parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. The sole Defendant named in the Complaint is an improper party. The Complaint also fails to name all the required parties under Federal Rule of Civil Procedure 19. This Court may properly dismiss BASF's action for one or more of these reasons.

The patents-in-suit relate generally to methods of using seeds from genetically modified plants that produce particular essential nutrients known as long chain polyunsaturated fatty acids, such as omega-3 fatty acids associated with heart-healthy diets. These patents are variously owned by the Commonwealth Scientific and Industrial Research Organisation ("CSIRO") and the Grains Research and Development Corporation ("GRDC").

1.      Nuseed Americas is CSIRO's commercial partner, but is not a licensee of the patents-in-suit. Thomas Decl.[1] at ¶5. Nor does Nuseed Americas have any right, title or interest in the patents-in-suit. *Id.* Nuseed Americas, thus, is an improper party to BASF's declaratory judgment action for lack of standing. The patents-in-suit are licensed to Nuseed Proprietary Limited ("Nuseed Pty. Ltd."), which like Nuseed Americas, is owned by Nufarm Limited. *Id.* at ¶6. Nuseed Pty. Ltd. exclusively licenses the patents-in-suit, but only in the field of plant-based

---

[1] References to "Thomas Decl." are to the Declaration of Andrew Bruce Thomas On Behalf of Nuseed Americas, filed contemporaneously herewith.

2

production of long chain omega-3 oil in genetically modified canola seed. *Id.* Unlike an exclusive licensee that acquires "all substantial rights" to the licensed patents, Nuseed Pty. Ltd. does not stand in the shoes of the assignees here.

2. Even if Nuseed Pty. Ltd. were named as a Defendant, the patent owners, CSIRO and GRDC, are indispensable parties to any action, including this one, involving the patents-in-suit. Nuseed Americas is unclear whether Nuseed Pty. Ltd., CSIRO and/or GRDC, each an Australian entity, is amenable to the personal jurisdiction of this Court. What is clear, however, is that BASF's action may not proceed without these necessary parties.

3. In any event, no justiciable controversy exists to vest this Court with subject matter jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201. The patents-in-suit were issued between 2010 and 2016. In its Complaint, BASF acknowledges that the parties were engaged in a dialogue concerning business opportunities with respect to long chain polyunsaturated fatty acid production. D.I. 1 at ¶17. These discussions were not focused on, or otherwise limited to, the eight patents-in-suit. Thomas Decl. at ¶12. BASF's allegation that the parties had "reached an impasse," D.I. 1 at ¶18, by April 13, 2017, is belied by the record of continued discussions between the parties that BASF initiated after filing its Complaint. Moreover, there is no allegation in the Complaint that Nuseed Americas ever threatened patent litigation against BASF generally, much less specifically regarding the patents-in-suit, or that the historical relationship between BASF and Nuseed Americas raises a likelihood of such. Accordingly, the facts do not show that there is a substantial controversy between the parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

4. Even if this Court were to find declaratory judgment jurisdiction under 28 U.S.C. § 2201, which Nuseed Americas disputes for the reasons stated above, there are prudential reasons here why this Court should decline to hear this case. In particular, the eight patents-in-suit are neither comprehensive nor necessarily representative of the patent portfolios under discussion by the parties. The ongoing business negotiations may obviate any concern regarding these specific patents. Moreover, the eight patents-in-suit all originate from parent patent applications that remain open to further patent prosecution. In other words, as a procedural matter, any judicial disposition regarding the patents-in-suit would not foreclose the possibility of new patents arising from the same inventive disclosures. It is arguably premature at best to address the issue of patent invalidity alone (*i.e.*, where no infringement allegations have been levied) of the patents-in-suit under the present circumstances. Accordingly, this Court may exercise its discretion to decline to hear this case for these prudential reasons.

## STATEMENT OF FACTS

The patents-in-suit relate generally to methods of using seeds from genetically modified plants that produce particular essential nutrients known as long chain polyunsaturated fatty acids, such as omega-3 fatty acids associated with heart-healthy diets. These patents are variously owned by CSIRO alone or CSIRO and GRDC together. Thomas Decl. at ¶4.

Nuseed Americas is CSIRO's commercial partner, but is not a licensee of the patents-in-suit. *Id.* at ¶5. The patents-in-suit are licensed to Nuseed Pty. Ltd., which like Nuseed Americas, is owned by Nufarm Limited. *Id.* at ¶6. Nuseed Pty. Ltd. exclusively licenses the patents-in-suit, but only in the field of plant-based production of long chain omega-3 oil in genetically modified canola seed. *Id.*

Since 2013, CSIRO and BASF have been in contact regarding genetically modified crop production of omega-3 oil. *Id.* at ¶7. Nuseed Americas joined these discussions in 2016. *Id.* at

¶¶7-8. Through present day, the parties have continued corresponding and meeting to negotiate business opportunities in this technology. *Id.* at ¶¶8-11, 14-15. This consideration has involved discussing the business objectives of BASF and Nuseed Americas, as well as the intellectual property of BASF and CSIRO/GRDC in the United States and other countries, related to genetically modified crop production of omega-3 oil. *Id.* at ¶¶10, 12.

On April 13, 2017, the parties participated in a telephone call as part of these ongoing discussions. *Id.* at ¶11. Notably, BASF has not alleged in its Complaint that Nuseed Americas ever asserted that BASF infringed any patents owned by CSIRO or CSIRO/GRDC, much less any of the eight patents-in-suit. *See id.* at ¶13.

Further the parties did not foreclose any additional communication, which continued to occur without reservation. After filing its Complaint on April 13, 2017, BASF engaged with Nuseed Americas in an April 14, 2017 teleconference and initiated correspondence with Nuseed Americas again on April 17, 2017. *Id.* at ¶¶13-14. Since then, the parties have not ceased communication. *Id.* at ¶15.

## ARGUMENT

### I. THE COMPLAINT DOES NOT NAME PROPER AND NECESSARY PARTIES

#### A. Nuseed Americas is an Improper Party

The Complaint acknowledges that CSIRO is the assignee of each of the patents-in-suit. D.I. 1 at ¶¶6-13. The Complaint alleges that Nuseed Americas is the exclusive licensee of the patents-in-suit. D.I. 1 at ¶15. Notably, the press release relied upon by BASF in the Complaint, D.I. 1 at ¶15, to support this allegation does not, in fact, identify Nuseed Americas as such. This press release refers to "a global exclusive commercial license to Nuseed for existing and co-developed long chain omega-3 intellectual property." As explained in the Statement of Facts, *supra*, Nuseed Pty. Ltd. (and not Nuseed Americas) is the exclusive licensee of the patents-in-

5

suit. Rather, as set forth in Nuseed America's Thomas Declaration, Nuseed Americas is a commercial partner of CSIRO, but is not a licensee of the patents-in-suit. Thomas Decl. at ¶5. Nuseed Americas acknowledges that courts in this District generally do not consider matters outside the pleadings when deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Pfizer Inc. v. Mylan, Inc.*, C.A. No. 15-26-SLR-SRF, 2016 WL 1319700 at *11 (D. Del. Apr. 4, 2016) (quoting *Lum v. Bank of Am.*, 361 F.3d 217 n.3 (3d Cir 2004) ("In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of the claim.")). But unlike the declaration in *Pfizer*, Nuseed America's Thomas Declaration is offered here for the limited purpose of clarifying the press release relied upon by BASF in the Complaint, D.I. 1 at ¶15, and distinguishing Defendant Nuseed Americas from the Nuseed entity to which the press release refers. In this regard, the sole basis for BASF's allegation that Defendant is the exclusive licensee of the patents-in-suit is factually incorrect.

In sum, without right, title or interest in any of the patents-in-suit, Nuseed Americas lacks standing in BASF's declaratory judgment action, and thus, is an improper party. Accordingly, the Complaint fails to state a claim upon which relief may be granted and should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6).

### B. The Complaint Does Not Name Necessary Parties and Must Be Dismissed

Federal Rule of Civil Procedure 19 controls whether a lawsuit requires dismissal due to a lack of joinder of necessary parties. "If a party is deemed necessary under Rule 19(a), but cannot be joined because it is not subject to process, then the court must consider, upon application of Rule 19(b), whether the party is indispensable and dismissal is appropriate." *Erbamont, Inc. v. Cetus Corp.*, 720 F. Supp. 387, 393 (D. Del. 1989) (citing *Field v. Volkswagenwerk AG*, 626 F.2d 293, 300 (3d Cir. 1980)). Under Rule 19(b), an action may require dismissal if necessary

6

parties are determined to be indispensable. Generally, a patent owner should be joined, either voluntarily or involuntarily, in any patent infringement suit involving an exclusive licensee having fewer than all substantial patent rights. *See Intellectual Prop. Dev., Inc. v. TCI Cablevision of Cal., Inc.*, 248 F.3d 1333, 1347 (Fed. Cir. 2001) (citing *Prima Tek II, LLC v. A Roo Co.*, 222 F.3d 1372, 1377 (Fed. Cir. 2000)). The Court may consider matters outside of the pleadings in a Rule 19 determination. *E.g., Jurimex Kommerz Transit G.m.b.H. v. Case Corp.*, 201 F.R.D. 337, 340 (D. Del. 2001) (citations omitted), *aff'd*, 65 F. App'x 803 (3d Cir. 2003).

The Complaint acknowledges that CSIRO is the assignee of the '849, '250, '226, '572, '377, '432, and '410 patents. D.I. 1 at ¶¶ 6-13. The public records of the United States Patent and Trademark Office show that CSIRO and GRDC are co-assignees of the '559 patent. The patents-in-suit are licensed to Nuseed Pty. Ltd., which like Nuseed Americas, is owned by Nufarm Limited. Thomas Decl. at ¶6. Nuseed Pty. Ltd. is the exclusive licensee of these patents, but only in the field of plant based production of long chain omega-3 oil in genetically modified canola seed. *Id.* Unlike an exclusive licensee that acquires "all substantial rights" to the licensed patents, Nuseed Pty. Ltd. does not stand in the shoes of the assignees. *See Acceleration Bay, LLC v. Activision Blizzard, Inc.*, C.A. Nos. 15-228-RGA, 15-285-RGA, 15-311-RGA, 2016 WL 3186890, at *3 (D. Del. June 3, 2016) ("[A]n exclusive field of use licensee does 'not hold all substantial rights in the full scope of the . . . patent,' and therefore lacks standing." (citing *Int'l Gamco, Inc. v. Multimedia Games, Inc.*, 504 F.3d 1273, 1280 (Fed. Cir. 2007)). The patent owners, CSIRO and GRDC, are thus indispensable parties to any action, including this one, involving the patents-in-suit. Nuseed Americas is unclear whether Nuseed Pty. Ltd., CSIRO and/or GRDC, each an Australian entity, is amenable to the personal jurisdiction of this Court. What is clear, however, is that BASF's action may not proceed without these necessary parties.

Accordingly, the Court should dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7) for failure to state a claim and/or for failure to join one or more indispensable parties under Federal Rule of Civil Procedure 19.

## II. BASF CANNOT ESTABLISH SUBJECT MATTER JURISDICTION FOR DECLARATORY JUDGMENT

### A. Legal Standards

Rule 12(b)(1) authorizes dismissal of a complaint for lack of subject matter jurisdiction. "Under Rule 12(b)(l), the court's jurisdiction may be challenged either facially (based on the legal sufficiency of the claim) or factually (based on the sufficiency of jurisdictional fact)." *Kuhn Constr. Co. v. Diamond State Port Corp.*, C.A. No. 10-637-SLR, 2011 WL 1576691, at *2 (D. Del. Apr. 26, 2011). "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). "In reviewing a factual attack, the court may consider evidence outside the pleadings." *Id.*

Under the Declaratory Judgment Act, a party has standing to bring an action in federal court only if an "actual controversy" exists. 28 U.S.C. § 2201(a). In determining whether there is subject matter jurisdiction over declaratory judgment claims, a court should ask "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Medimmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citation omitted) (noting that the Declaratory Judgment Act's requirement that a "case of actual controversy" exists is a reference to the types of cases and controversies that are justiciable under Article III); *see also Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1335-36 (Fed. Cir. 2008). A case or controversy must be "based on a <u>real</u> and <u>immediate</u> injury or threat of

future injury that is <u>caused by the defendants</u> – an objective standard that cannot be met by a purely subjective or speculative fear of future harm." *Id.* at 1339 (emphasis in original). Thus, in the patent context, "jurisdiction generally will not arise merely on the basis that a party learns of the existence of a patent owned by another or even perceives such a patent to pose a risk of infringement, without some affirmative act by the patentee." *Id.* at 1339 (internal citation omitted). When the conduct of the patentee can be "reasonably inferred as demonstrating intent to enforce a patent" against the declaratory judgment plaintiff, subject matter jurisdiction will arise, even when that intent is demonstrated implicitly. *Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1363-64 (Fed. Cir. 2009).

A decision as to whether an actual controversy exists in the context of a patent declaratory judgment claim "will necessarily be fact specific and must be made in consideration of all the relevant circumstances." *W.L. Gore & Assocs., Inc. v. AGA Med. Corp.*, C.A. No. 11-539 (JBS-KMW), 2012 WL 924978, at *4 (D. Del. Mar. 19, 2012) (citing *Medimmune*, 549 U.S. at 127). "It is well-established that, in patent cases, the existence of a case or controversy must be evaluated on a claim-by-claim basis." *Streck, Inc. v. Research & Diagnostic Sys., Inc.*, 665 F.3d 1269, 1281 (Fed. Cir. 2012) (internal quotation marks and citation omitted).

### B. There is No Justiciable Controversy Between Nuseed Americas and BASF

#### 1. There is No Actual or Threatened Litigation

Even if Nuseed Americas were a proper Defendant, which it is not for the reasons set forth above, there is no history of any actual or threatened litigation between the parties. The patents-in-suit were issued between 2010 and 2016, and none have been asserted in any litigation. Since 2013, BASF and CSIRO have been engaged in business discussions generally about genetically modified crop production of omega-3 oil, and Nuseed Americas joined these talks in 2016. Thomas Decl. at ¶¶7-9.

BASF's Complaint seeks a declaratory judgment of invalidity only, not noninfringement, of the patents-in-suit. Nowhere in its Complaint does BASF allege how its activities are implicated by the patents-in-suit. And for the reasons set forth in Section I.A., *supra*, Nuseed Americas does not have a right, title or interest in the patents-in-suit, and thus, would lack standing to sue BASF under these patents.

Nor has Nuseed Americas in discussions with BASF ever expressly nor impliedly stated that patent litigation would be inevitable, let alone imminent, regarding any CSIRO or CSIRO/GRDC patent, much less any of the eight patents-in-suit. *Id.* at ¶13. Even had the parties ceased business discussions generally concerning genetically modified crop production of omega-3 oil, BASF's Complaint is facially deficient for want of any allegation of how or why the parties' past or present dialogue specifically implicates the eight patents-in-suit.

### 2. Since Filing the Complaint, BASF Has Continued Business Discussions with Nuseed Americas, Mooting Any Justiciable Controversy

BASF does not allege that either party has terminated their dialogue or expressed an intent to do so. Indeed, the day after filing this Complaint, BASF and Nuseed Americas participated in a teleconference as part of their ongoing business negotiations, which have continued to present day. Thomas Decl. at ¶¶13-15. Nuseed Americas disputes that any justiciable controversy existed at the time BASF filed the Complaint. But even if otherwise, the parties' continuing business discussions moots any justiciable controversy. The burden is on the party asserting declaratory judgment jurisdiction to establish that an Article III case or controversy existed at the time that the claim for declaratory relief was filed, and that it has continued since. *Danisco US. Inc. v. Novozymes A/S*, 744 F.3d 1325, 1329 (Fed. Cir. 2014); *Butamax Advanced Biofuels, LLC v. Gevo, Inc.*, C.A. No. 12-1301-SLR, 2013 WL 1856308, at *2 (D. Del. May 2, 2013). BASF has not met this burden.

## III. EVEN ASSUMING A JUSTICIABLE CONTROVERSY, THIS COURT MAY DECLINE TO HEAR BASF'S CASE FOR PRUDENTIAL REASONS

Even if this Court were to find declaratory judgment jurisdiction under 28 U.S.C. § 2201, which Nuseed Americas disputes for the reasons above, there are prudential reasons here why this Court should decline to hear this case. *See MedImmune*, 549 U.S. at 136 ("The Declaratory Judgment Act provides that a court '*may* declare the rights and other legal relations of any interested party, not that it *must* do so.'" (internal citation omitted) (emphasis in original) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995); *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95 n.17 (1993); *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494-96 (1942)). In particular, the eight patents-in-suit are neither comprehensive nor necessarily representative of the patent portfolios under discussion by the parties. BASF's focus on the patents-in-suit is arbitrary, and BASF has not alleged or otherwise articulated how this Court's disposition of the patents-in-suit now would be expedient or serve a public policy goal or other useful purpose.

The ongoing business negotiations may obviate any concern regarding these specific patents. In view of the parties' continued efforts to negotiate a business arrangement regarding genetically modified crop production of omega-3 oil, the aim of judicial economy would be disserved by this Court's intervention based on the circumstances at hand.

Moreover, the eight patents-in-suit all originate from parent patent applications that remain open to further patent prosecution. In other words, as a procedural matter, any judicial disposition regarding the patents-in-suit would not foreclose the possibility of new patents arising from the same inventive disclosures. It is arguably premature at best, to address the issue of patent invalidity alone (*i.e.*, where no infringement allegations have been levied) of the patents-in-suit under the present circumstances.

This Court may properly dismiss BASF's suit for the lack of declaratory judgment jurisdiction based on the absence of an actual case or controversy. This Court may also find that prudential considerations militate against an exercise of declaratory judgment jurisdiction in this matter.

## CONCLUSION

The Court should dismiss the Complaint for at least three reasons. First, pursuant to Federal Rule of Civil Procedure 12(b)(6), BASF has failed to state a claim upon which relief may be granted because Nuseed Americas is an improper party. Second, pursuant to Federal Rules of Civil Procedure 12(b)(7), BASF has failed to join one or more indispensable parties under Federal Rule of Civil Procedure 19. Third, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 28 U.S.C. § 2201(a), there is no case or controversy between Nuseed Americas and BASF and prudential reasons exist regarding why this Court should decline to hear the case.

Dated: July 14, 2017

| OF COUNSEL: | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|---|---|
| Lawrence M. Sung | |
| Mary Sylvia | */s/ Samantha G. Wilson* |
| WILEY REIN LLP | James M. Lennon (No. 4570) |
| 1776 K Street, NW | Samantha G. Wilson (No. 5816) |
| Washington, DC 20006 | Rodney Square |
| (202) 719-7000 | 1000 North King Street |
| lsung@wileyrein.com | Wilmington, DE 19801 |
| msylvia@wileyrein.com | (302) 571-6600 |
| | jlennon@ycst.com |
| | swilson@ycst.com |
| | *Attorneys for Defendant Nuseed Americas Inc.* |

01:22130813.2

12

## **CERTIFICATE OF SERVICE**

I, Samantha G. Wilson, Esquire, hereby certify that on July 14, 2017, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to registered participants.

I further certify that on July 14, 2017, I caused the foregoing document to be served by e-mail upon the following counsel:

Jack B. Blumenfeld [jblumenfeld@mnat.com]
Karen Jacobs [kjacobs@mnat.com]
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Christian E. Mammen [chris.mammen@hoganlovells.com]
HOGAN LOVELLS US LLP
3 Embarcadero Center, Suite 1500
San Francisco, CA 94111

Arlene Chow [arlene.chow@hoganlovells.com]
HOGAN LOVELLS US LLP
875 3rd Avenue
New York, NY 10022

*Attorneys for Plaintiffs*

Dated: July 14, 2017

YOUNG CONAWAY STARGATT &
    TAYLOR, LLP

*/s/ Samantha G. Wilson*
James M. Lennon (No. 4570)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
jlennon@ycst.com
swilson@ycst.com

*Attorneys for Defendant*

01:21872570.1