IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BASF PLANT SCIENCE, LP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 17-421 (VAC)(CJB) |
| | ) |
| NUSEED AMERICAS INC., | ) **CONFIDENTIAL –** |
| | ) **FILED UNDER SEAL** |
| Defendant. | ) |

**PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | Jack B. Blumenfeld (#1014) |
|  | Karen Jacobs (#2881) |
|  | 1201 North Market Street |
| OF COUNSEL: | P.O. Box 1347 |
|  | Wilmington, DE  19899 |
| Christian E. Mammen | (302) 658-9200 |
| HOGAN LOVELLS US LLP | jblumenfeld@mnat.com |
| 3 Embarcadero Center, Suite 1500 | kjacobs@mnat.com |
| San Francisco, CA  94111 |  |
| (415) 374-2300 | *Attorneys for Plaintiff BASF Plant Science, LP* |

Arlene L. Chow
HOGAN LOVELLS US LLP
875 3rd Avenue
New York, NY  10022
(212) 918-3000

July 28, 2017

# TABLE OF CONTENTS

**Page**

I. NATURE AND STAGE OF PROCEEDINGS ................................................................ 1

II. SUMMARY OF ARGUMENT .......................................................................................... 1

III. STATEMENT OF FACTS ................................................................................................. 2

IV. ARGUMENT ....................................................................................................................... 3

    A. Nuseed Americas is a Proper Defendant. ................................................................ 3

        1. As Between Nuseed Pty, Ltd. and Nuseed Americas, Nuseed Americas is a Proper Defendant. ................................................................ 3

        2. As Between Nuseed and CSIRO/GRDC, This Action Can Proceed Against Nuseed Only. ................................................................... 4

        3. Nuseed Americas Fails to Establish A Limited Scope of the Nuseed Exclusive License ........................................................................... 7

    B. This Court has Declaratory Judgment Jurisdiction Over This Dispute. ................................................................................................................. 9

        1. The Law Concerning Declaratory Judgments ........................................... 9

        2. The Facts Here Demonstrate the Existence of a Substantial Controversy, Between Parties Having Adverse Legal Interests, of Sufficient Immediacy and Reality to Warrant the Issuance of a Declaratory Judgment. ................................................. 11

    C. Nuseed Americas' Request for Dismissal with Prejudice is Improper and Unfounded. ................................................................................. 12

        1. If Nuseed Americas' Motion is Granted, Leave to Amend Should Be Granted. ................................................................................ 12

V. CONCLUSION ................................................................................................................. 14

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*3M Co. v. Avery Dennison Corp.*,
    673 F.3d 1372 (Fed. Cir. 2012)..................................................................................................9

*Alvin v. Suzuki*,
    227 F.3d 107 (3d Cir. 2000)......................................................................................................11

*Amgen, Inc. v. Ariad Pharm., Inc.*,
    513 F. Supp. 2d 34 (D. Del. 2007).....................................................................................4, 5, 6

*Arkema Inc. v. Honeywell Int'l, Inc.*,
    706 F.3d 1351 (Fed. Cir. 2013)...............................................................................................8, 9

*Bank Express Int'l v. Kang,*
    265 F. Supp. 2d 497 (E.D. Pa. 2003) ......................................................................................12

*Blasband v. Rales*,
    971 F.2d 1034 (3d Cir.1992)....................................................................................................11

*Bushnell, Inc. v. Brunton Co.*,
    659 F. Supp. 2d 1150 (D. Kan. 2009) .......................................................................................4

*Day v. 21st Century Centennial Ins. Co.*,
    C.A. No. 12-1096-LPS, 2014 WL 3909533 (D. Del. Aug. 11, 2014) ....................................12

*Erbamont, Inc. v. Cetus Corp.*,
    720 F. Supp. 387 (D. Del. 1989)............................................................................................6, 9

*Gimaex Holding, Inc. v. Spartan Motors USA, Inc.*,
    C.A. No. 15-515-RGA, 2015 WL 9437530 (D. Del. Dec. 22, 2015) .......................................3

*Hewlett–Packard v. Acceleron LLC*,
    587 F.3d 1358 (Fed. Cir. 2009).................................................................................................9

*Johnson v. U.S. Bancorp*,
    C.A. No. 10-1072-LPS, 2012 WL 1133689 (D. Del. Mar. 30, 2012); ...................................12

*LG.Phillips LCD Co., Ltd. v. Chi Mei Optoelectronics Corp.*,
    551 F. Supp. 2d 333 (D. Del. 2008).........................................................................................4

*MedImmune, Inc. v. Genentech, Inc.*,
    549 U.S. 118 (2007)...............................................................................................................1, 8

ii

*Moretti v. Hertz Corp.*,
    C.A. No. 14-469-LPS, 2015 WL 1383097 (D. Del. 2015) ...................................................... 4

*Retzlaff v. Horace Mann Ins.*,
    738 F. Supp. 2d 564 (D. Del. 2010) ........................................................................................ 6

*Samsung Electronics Co., Ltd. v. ON Semiconductor Corp.*,
    541 F. Supp. 2d 645 (D. Del. 2008) ...................................................................................... 10

*SanDisk Corp. v. STMicroelectronics, Inc.*,
    480 F.3d 1372 (Fed. Cir. 2007) .............................................................................................. 9

*Shinonogi Pharma. Inc., v. Mylan, Inc.*,
    C.A. No. 10-1077-MMB, 2011 WL 2174499 (D. Del. May 26, 2011) .................................. 6

*THK America, Inc. v. NSK, Ltd.*,
    157 F.R.D. 660 (N. D. Ill. 1994) ............................................................................................ 4

*United Lacquer Mfg. Corp. v. Maas & Waldstein Co.*,
    111 F. Supp. 139 (D.N.J. 1953) .............................................................................................. 5

*University of Pittsburgh v. Varian Med. Sys., Inc.*,
    569 F.3d 1328 (Fed. Cir. 2009) ............................................................................................ 11

*Vaupel Textilmaschinen KG v. Meccania Euro Italia S.p.A.*,
    944 F.2d 870 (Fed. Cir. 1991) ................................................................................................ 4

**Statutes**

28 U.S.C. § 2201(a) ........................................................................................................................ 8

35 U.S.C. § 293 ........................................................................................................................ 5, 12

Fed. R. Civ. P. 19 ........................................................................................................................... 6

Fed. R. Evid. 602 ........................................................................................................................... 3

Fed. R. Evid. 801, 802 ................................................................................................................... 3

I.      NATURE AND STAGE OF PROCEEDINGS

Plaintiff BASF Plant Science, LP ("BASF") filed this action against Defendant Nuseed Americas Inc. ("Nuseed Americas") on April 13, 2017, seeking a declaration of patent invalidity. After taking a lengthy extension of time, rather than responding to the Complaint, Nuseed Americas filed a threshold motion to dismiss, contending, first, that BASF has sued the wrong party, arguing alternatively that Nuseed Pty, Ltd. ("Nuseed Pty"), Commonwealth Scientific and Industrial Research Organization ("CSIRO"), and/or Grains Research and Development Corporation ("GRDC"), all Australian entities, should be named as defendants. Second, Nuseed Americas argues that, in any event, there is no ripe dispute amenable to declaratory judgment jurisdiction. This is BASF's answering brief in opposition to that motion.

II.     SUMMARY OF ARGUMENT

Nuseed Americas' motion should be denied because BASF has sued the correct party. For nearly a year, BASF has been negotiating patent licensing issues with Nuseed Americas alone, at the express instruction of the patentees, who are both divisions of the Australian government, and who identified Nuseed—including Nuseed Americas—as its exclusive licensee. Nuseed Americas cannot now deny what it (and CSIRO and GRDC) represented to BASF; nor can it deny its pivotal role in these licensing discussions. Moreover, Nuseed Americas has not submitted any competent evidence to the contrary. In view of the evidentiary shortcomings in the declaration submitted in support of Nuseed Americas' motion, the motion should either be denied outright, or BASF should be permitted discovery on the factual issues raised by the motion.

Second, under the current standard for declaratory judgment jurisdiction – as articulated by the Supreme Court and as applied by the Federal Circuit – there is a substantial controversy,

1

between adverse parties, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). That dispute continues to this day, and the fact that the parties have continued to communicate neither negates the existence of that dispute nor retroactively undermines this court's declaratory judgment jurisdiction.

## III.    STATEMENT OF FACTS

BASF filed this action for declaratory judgment of patent invalidity on April 13, 2017. [D.N. 1]. Earlier that day, BASF and Nuseed Americas had held their seventh substantive meeting since October 2016. Declaration of Andry Andriankaja in Support of BASF's Opposition to Motion to Dismiss ("Andriankaja Decl.") at ¶¶ 8, 10.

Although the meetings were convened to discuss business arrangements more broadly relating to genetically modified plant-based omega-3 fatty acid production (and in particular, BASF's plans to commence production in the U.S.), the primary item of discussion – and primary sticking point in the negotiations – related to Nuseed Americas' demand that BASF take a license to CSIRO-owned patents, primarily the patents-in-suit, on terms that were unacceptable to BASF. Andriankaja Decl. at ¶¶ 8-10. CSIRO and its sister-entity GRDC communicated to BASF that Nuseed, specifically including Nuseed Americas, was the exclusive licensee of the CSIRO/GRDC patents, and that Nuseed Americas was fully authorized to negotiate licenses or other arrangements concerning those patents on behalf of all interested parties. *Id*. at ¶ 8, Exhs. D, E.

During the course of the negotiations between BASF and Nuseed Americas, Nuseed Americas' representatives repeatedly told BASF that if a deal were not reached concerning genetically modified plant-based omega-3 fatty acid production, Nuseed Americas would

"block" BASF in the U.S. "by all means." *Id.* at ¶ 9. BASF's representatives understood this to be a threat that Nuseed Americas might use a variety of measures, including patent litigation, in an effort to prevent BASF from commencing such production in the U.S. *Id.* at ¶¶ 9-11.

Therefore, once it became clear at the April 13, 2017 meeting between BASF and Nuseed Americas that the parties' negotiation positions were entrenched and remained far apart, both sides acknowledged that litigation was a logical imminent next step. *Id.* at ¶ 10.

## IV.  ARGUMENT

Nuseed Americas raises two main arguments in its Motion to Dismiss: (1) that Nuseed Americas is not a proper party, and (2) that in any event, there is no ripe dispute. Both arguments fail, as explained in detail below.

### A.  Nuseed Americas is a Proper Defendant.

#### 1.  As Between Nuseed Pty, Ltd. and Nuseed Americas, Nuseed Americas is a Proper Defendant.

First, Nuseed Americas argues that Nuseed Pty, Ltd. ("Nuseed Pty"), not Nuseed Americas, is the exclusive licensee to the patents-in-suit. Motion to Dismiss, D.I. 10, at 2-3. In support of this argument, Nuseed Americas submits the Declaration of Andrew Bruce Thomas ("Thomas Decl.", D.I. 11). Mr. Thomas identifies himself as a manager with Nuseed Americas, asserts that "Nuseed Americas does not have any right, title or interest in any of the patents-in-suit," and then identifies Nuseed Pty. as "the exclusive licensee of the patents-in-suit" before going on to characterize the scope of the purported license to Nuseed Pty. Thomas Decl. ¶¶ 1, 5, 6. Mr. Thomas neither quotes actual language from any CSIRO/Nuseed license agreement, nor attaches any of the relevant documents to his declaration. *See generally* Thomas Decl. His declaration on this point is therefore inadmissible hearsay (Fed. R. Evid. 801, 802) and appears to also lack foundation concerning the terms of a license agreement that he contends grants no

3

rights to his company (Fed. R. Evid. 602). These assertions are therefore insufficient to overcome the presumption in ruling on a Motion to Dismiss that the allegations set forth in the Complaint are presumed to be true. *E.g., Gimaex Holding, Inc. v. Spartan Motors USA, Inc.*, C.A. No. 15-515-RGA, 2015 WL 9437530, *4 (D. Del. Dec. 22, 2015) ("[O]n a motion to dismiss, 'all allegations of jurisdictional fact made by a plaintiff are presumed to be true and all factual disputes are resolved in plaintiff's favor.'") (citing *Jeffreys v. Exten,* 784 F. Supp. 146, 151 (D. Del.1992)).

Contrary to Mr. Thomas' representations, Nuseed Americas has been directly involved in negotiations over proposed licensing of the patents-in-suit, as evidenced by not only its participation in negotiation meetings as the sole representative of Nuseed/CSIRO/GRDC, but also its execution of a September 2016 Confidentiality Agreement with BASF, and a subsequent letter from GRDC, dated January 16, 2017, representing that "Nuseed Pty Ltd. and its affiliates (e.g., Nuseed Americas Inc., collectively, 'Nuseed')" is the exclusive licensee of relevant patents from CSIRO and GRDC. Andriankaja Decl. at ¶ 8, Exhs. B, D, E.

At a minimum, BASF should be permitted to conduct jurisdictional discovery on the topic of who holds the rights to the patents at issue. *See, e.g., Moretti v. Hertz Corp.*, C.A. No. 14-469-LPS, 2015 WL 1383097 (D. Del. 2015); *LG.Phillips LCD Co., Ltd. v. Chi Mei Optoelectronics Corp.*, 551 F. Supp. 2d 333 (D. Del. 2008).

### 2. As Between Nuseed and CSIRO/GRDC, This Action Can Proceed Against Nuseed Only.

Nuseed Americas further argues that, even assuming Nuseed Pty is added as a defendant, CSIRO and GRDC are necessary parties, as the patent owners. Noting Nuseed America's uncertainty whether Nuseed Pty, CSIRO and/or GRDC would be subject to personal jurisdiction, Nuseed Americas nonetheless argues that CSIRO and GRDC are indispensable parties, and that

4

the action "may not proceed without these necessary parties." D.I. 10 at 3, 7. Although Rule 19 uses "necessary" and "indispensable" as two conceptually distinct standards, Nuseed Americas' motion equates and conflates the two terms.

This Court specifically addressed the distinction between "necessary" and "indispensable" in *Amgen, Inc. v. Ariad Pharm., Inc.*, 513 F. Supp. 2d 34 (D. Del. 2007).[1] In *Amgen*, this Court held that for a motion to dismiss under Rule 19 to succeed, the party must not only be necessary, but also indispensable. Amgen had filed a declaratory judgment action for patent invalidity against Ariad Pharmaceuticals, the exclusive licensee of the patents. Ariad moved to dismiss for failure to name the patent owners (Harvard, MIT and the Whitehead Institute, collectively the "Institutions") as necessary and indispensable parties that were outside the personal jurisdiction of the court. This Court denied Ariad's motion, holding that although the Institutions were necessary parties under Rule 19(a) of the Federal Rules of Civil Procedure, they were not indispensable under Rule 19(b). *Id.* at 42 (citing *Independent Wireless Telegraph. Co. v. Radio Corp. of Am.*, 269 U.S. 459, 469 (1926); *Abbott Laboratories v. Diamedix Corp.*, 47 F.3d 1128, 1133 (Fed. Cir. 1995)). Balancing the factors set forth in Rule 19(b), this Court found no prejudice to the Institutions, concluding that it "fails to see how a judgment could be prejudicial to the Institutions. If the Institutions believe they will be prejudiced, they can voluntarily join the action." *Amgen,* 513 F. Supp. 2d at 43 (citation omitted). The court also found that the other factors also did not warrant dismissal: Ariad's interests were adequately protected, that Amgen's interests would be preserved; a judgment in the absence of the

---

[1] In addition, if an exclusive licensee has such substantial rights under the patent as to be a virtual assignee, then the patent owner may not even be a necessary party. *See, e.g., Vaupel Textilmaschinen KG v. Meccania Euro Italia S.p.A.*, 944 F.2d 870, 875 (Fed. Cir. 1991); *Bushnell, Inc. v. Brunton Co.*, 659 F. Supp. 2d 1150, 1165 (D. Kan. 2009) (citing *Israel Bio-Eng'g Project v. Amgen, Inc.*, 475 F.3d 1256, 1264-1265 (Fed. Cir. 2007)); *THK America, Inc. v. NSK, Ltd.*, 157 F.R.D. 660, 661 (N. D. Ill. 1994).

5

Institutions would be adequate; and even the existence of an alternative forum did not warrant dismissal. *Id.* at 43-45. *See also United Lacquer Mfg. Corp. v. Maas & Waldstein Co.*, 111 F. Supp. 139, 144 (D.N.J. 1953) (in declaratory judgment action against exclusive licensee, patent owner was necessary but not indispensable party).

As to the question whether CSIRO and GRDC are indispensable and necessary parties within the meaning of Rule 19, the *Amgen* ruling is on all fours. If anything, the Rule 19(b) factors weigh even more heavily against dismissal here, based on Nuseed Americas' representations that CSIRO and GRDC are all non-US entities that may not subject to personal jurisdiction. Moreover, all four elements of the Rule 19(b) balancing test support proceeding with this Action. Nuseed Americas' interests would be adequately protected by litigating in Delaware, its place of incorporation of Nuseed Americas; BASF's interests would also be preserved; a judgment in the absence of CSIRO/GRDC would be adequate; and even the existence of a possible alternative forum[2] does not warrant dismissal. Just as the Institutions in *Amgen*, if CSIRO and GRDC believe they will be prejudiced, they can voluntarily join this action.

The *Amgen* ruling has been followed numerous times in this District. *E.g., Retzlaff v. Horace Mann Ins.,* 738 F. Supp. 2d 564, 568 (D. Del. 2010) ("If the court finds that a party is necessary, it 'must determine whether the action can proceed in their absence, which requires an

---

[2] As discussed below, pursuant to 35 U.S.C. § 293, patentees CSIRO and GRDC would be subject to personal jurisdiction in the Eastern District of Virginia. However, it is not clear whether Nuseed Americas (or, for that matter, Nuseed Pty.) would be subject to personal jurisdiction in that district. Therefore, a transfer to the Eastern District of Virginia, while theoretically possible as discussed below, risks prejudice to BASF's interests because CSIRO/GRDC could be expected to point to the Nuseed "empty chair" in litigation there, just as Nuseed Americas has pointed to the CSIRO/GRDC "empty chair" in the present Motion to Dismiss. Such a future motion could prejudice BASF, leaving it without forum to seek a declaratory judgment remedy.

6

analysis of the four factors under Rule 19(b).'") (citation omitted); *Shinonogi Pharma. Inc., v. Mylan, Inc.,* C.A. No. 10-1077-MMB, 2011 WL 2174499, *5 (D. Del. May 26, 2011) (quoting *Amgen* and *Intellectual Prop. Dev., Inc. v. TCI Cablevision, Inc.,* 248 F.3d 1333, 1347 (Fed. Cir. 2001) as "holding that under license agreement between patent holder and exclusive licensee, patentees were necessary but not indispensable parties to the litigation.").

In its Motion to Dismiss, Nuseed Americas appears to conflate "necessary" with "indispensable," erroneously applying the test for whether a party is "necessary" as determining that CSIRO and GRDC are "indispensable." *See* Fed. R. Civ. P. 19; *compare* Brief at 6-8. The cases cited by Nuseed Americas do not support this conflation. Nuseed Americas cites *Erbamont, Inc. v. Cetus Corp.* as holding: "[i]f a party is deemed necessary under Rule 19(a), but cannot be joined because it is not subject to process, then the court must consider, upon application of Rule 19(b), whether the party is indispensable and dismissal is appropriate." 720 F. Supp. 387, 393 (D. Del. 1989) (citations omitted). Nuseed America's analysis on whether Nuseed Pty. Ltd. is indispensable erroneously applies the test for a "necessary" party as outlined in Rule 19(a) and *Erbamont* ("A patent owner should be viewed as a necessary party if it retains 'any interest' in the patent") and fails to properly apply the four-part test for an "indispensable" party under Rule 19(b), as applied in *Erbamont* and *Amgen*. Fed. R. Civ. P. 19(b); *see Erbamont,* 720 F. Supp. at 393-96.

### 3. Nuseed Americas Fails to Establish A Limited Scope of the Nuseed Exclusive License

Finally, Nuseed Americas argues that Nuseed's exclusive license is "only in the field of plant based production of long chain omega-3 oil in genetically modified canola seed." Thomas Decl. ¶ 6; *see also* D.I. 10 at 2-3. Mr. Thomas does not attach a copy of the license agreement to his declaration. Nor does he explain what Nuseed Americas contends would be covered by the

7

patents-in-suit, other than "plant based production of long chain omega-3 oil in genetically modified canola seed," which is the subject-matter of the present dispute. Thus, as noted above, Mr. Thomas' characterization of the exclusive license agreement is inadmissible hearsay and appears to lack foundation according to the allegations set forth in Mr. Thomas' own declaration.

Moreover, contrary to his assertion that there is a field-of-use *limitation* on the scope of the exclusive license, the context of the press release itself (http://nuseed.com/corporate-news/australian-scientific-collaboration-set-break-worlds-reliance-fish-long-chain-omega-3/) and GRDC's and CSIRO's January 2017 letters (Andriankaja Decl. Exhs. D, E) are instead suggestive that the CSIRO/GRDC-Nuseed collaboration *broadly* relates to "plant based production of long chain omega-3 oil in genetically modified canola seed," including, in the words of the press release, "a global exclusive commercial license to Nuseed for existing and co-developed long chain omega-3 intellectual property."

In short, there is no competent evidence in the record, including Nuseed Americas' Motion to Dismiss or the Thomas Declaration, to refute the presumed truth of the allegations in the Complaint concerning the existence and scope of the exclusive license between CSIRO/GRDC and Nuseed. Accordingly, for the purpose of ruling on Nuseed Americas' Motion to Dismiss, the allegations in the Complaint must be taken as true, and the Nuseed exclusive license must be presumed to be an exclusive license of all substantial rights to the patents-in-suit. As such, *Amgen* is directly on point. Alternatively, at a minimum, there should be discovery on this issue prior to considering any dismissal.

### B.   This Court has Declaratory Judgment Jurisdiction Over This Dispute.

Next, Nuseed Americas argues that there is no justiciable controversy sufficient to support BASF's invocation of this Court's declaratory judgment jurisdiction, because "there is no history of any actual or threatened litigation between the parties. The patents-in-suit were issued between 2010 and 2016, and none have been asserted in any litigation. Since 2013, BASF and CSIRO have been engaged in business discussions generally about genetically modified crop production of omega-3 oil, and Nuseed Americas joined these talks in 2016." D.I. 10 at 9. Nuseed Americas also purports to find a lack of case-or-controversy in (i) the fact that BASF only seeks a declaration of invalidity (and not non-infringement), (ii) the assertion that Nuseed Americas has never "expressly or impliedly stated that patent litigation would be inevitable"; and (iii) the fact that there have been further negotiations after the filing of BASF's Complaint.

Respectfully, Nuseed Americas' position applies the wrong legal standard, and materially misstates the facts.

### 1.   The Law Concerning Declaratory Judgments

Under the Declaratory Judgment Act, "In a case of actual controversy within its jurisdiction, … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). In 2007, the Supreme Court clarified that the test is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127. As the Federal Circuit has repeatedly held since 2007, there need not be either an actual infringement action filed, or even an express threat to file an infringement action, in order

9

for there to be a ripe case or controversy under the Declaratory Judgment Act. Rather, "Article III jurisdiction may be met where the patentee takes a position that puts the declaratory judgment plaintiff in the position of either pursuing arguably illegal behavior or abandoning that which he claims a right to do." *Arkema Inc. v. Honeywell Int'l, Inc.*, 706 F.3d 1351, 1357 (Fed. Cir. 2013) (quoting *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007)).

In *Arkema*, the Federal Circuit found a ripe declaratory judgment dispute where (1) the declaratory judgment plaintiff had concrete plans to offer the accused product—albeit at least a year in the future, and (2) the parties had already litigated patents covering the same technology in the U.S. and Germany. 706 F.3d at 1357. The Federal Circuit specifically rejected the proposition that it was necessary for there to have already been acts of putative infringement, or even of specific accusations by the patentee of direct or indirect infringement. *Id.* Indeed, the court made clear that the "reasonable apprehension of suit" test was no longer the law after *MedImmune*. *Id.* at 1358 n.5.

There is no requirement that litigation must be explicitly threatened for a plaintiff to establish that there is a justiciable case or controversy for a declaratory judgment. *See 3M Co. v. Avery Dennison Corp.*, 673 F.3d 1372, 1379 (Fed. Cir. 2012) (finding that communications using "may infringe" instead of "does infringe" in offers to license patents were still sufficient to constitute a case or controversy between 3M and Avery). *See Hewlett–Packard v. Acceleron LLC,* 587 F.3d 1358, 1362 (Fed. Cir. 2009) (explaining that the purpose of a declaratory judgment action cannot be defeated by avoiding "magic words" and noting that, post-*MedImmune*, it is implausible to expect that correspondence from a patentee would "identify specific claims, present claim charts, and explicitly allege infringement"). In *SanDisk Corp.*, the Court of Appeals hold that the dismissal was improperly granted because the district court erred

10

as a matter of law by requiring an express accusation of patent infringement coupled with an explicit threat of judicial enforcement to support declaratory judgment jurisdiction. 480 F.3d at 1377.

Further, a declaratory judgment action that only seeks a declaration of invalidity has been deemed appropriate. *Erbamont*, 720 F. Supp. at 391-92 ("In the standard declaratory judgment action involving a patent, a person charged with patent infringement files suit against the patent owner for a declaratory judgment of noninfringement and/or invalidity. The Act thus allows a potential defendant in an infringement suit to take the initiative and file suit.") Likewise, Nuseed Americas seems to suggest that once declaratory judgment litigation has been commenced, any further negotiations or discussions between the parties destroys the case-or-controversy that prompted the declaratory judgment action. This is wrong as a matter of law. *Samsung Electronics Co., Ltd. v. ON Semiconductor Corp.*, 541 F. Supp. 2d 645, 649 (D. Del. 2008) ("The continuation of licensing negotiations is not dispositive with regard to the existence of an actual controversy.").

    **2.    The Facts Here Demonstrate the Existence of a Substantial Controversy, Between Parties Having Adverse Legal Interests, of Sufficient Immediacy and Reality to Warrant the Issuance of a Declaratory Judgment.**

Here, the facts fall squarely within the *Arkema* ruling. BASF has concrete plans to begin production of plant-based omega-3 oils in the U.S. Andriankaja Decl. at ¶ 5. There is a history of patent litigation between CSIRO and BASF concerning similar patents and technologies. *Id.* at ¶ 4. Nuseed Americas has made specific monetary demands for a license to BASF, and BASF has rejected those monetary demands. In addition, the communications between Nuseed Americas and BASF included thinly veiled, or even express, threats to commence patent litigation. In particular, Nuseed Americas specifically stated that if a license agreement was not

reached, it would "block" BASF in the U.S. "by all means." *Id.* at ¶ 9. In the context of the meetings, BASF understood this to mean that Nuseed Americas planned to use patent litigation and other means to seek to prevent BASF from launching production in the U.S. *Id.* at ¶¶ 9-11. Moreover, at the parties' April 13, 2017 meeting, just prior to the filing of the Complaint, Nuseed Americas' representative stated, with regard to the parties' competing proposed royalty amounts, "There is no path forward with the numbers you're saying." Meanwhile, BASF suggested that if Nuseed Americas was unwilling to reduce its demand, perhaps the parties had reached an impasse and should be in court. Nuseed Americas' representative stated, "Maybe that's where we're at." *Id.* at ¶ 10. BASF understood this to be a threat of imminent litigation. *Id.* at ¶ 11. Nuseed Americas did nothing to correct BASF's understanding that there was an impasse, or to suggest that Nuseed Americas was the wrong party to conduct the licensing negotiations. To the contrary, BASF was repeatedly assured that Nuseed Americas was the proper party. Andriankaja Decl. at ¶ 13, Exhs. D, E. This is more than sufficient to support declaratory judgment jurisdiction.

### C. Nuseed Americas' Request for Dismissal with Prejudice is Improper and Unfounded.

Nuseed Americas' request for dismissal with prejudice should be denied. Even if the Court were to find merit in the Motion to Dismiss (which BASF disputes), leave to amend should be granted, with leave to conduct discovery.

#### 1. If Nuseed Americas' Motion is Granted, Leave to Amend Should Be Granted.

A request for dismissal with prejudice is an extreme and rare sanction, which is disfavored and should not be entertained here. *See University of Pittsburgh v. Varian Med. Sys., Inc.*, 569 F.3d 1328, 1334 (Fed. Cir. 2009) ("Under Third Circuit law, dismissal with prejudice may be, although it rarely is, a proper sanction.") (citation omitted); *Alvin v. Suzuki*, 227 F.3d

12

107, 122 (3d Cir. 2000) (noting that dismissal with prejudice "is a severe and disfavored remedy") (citations omitted); *Blasband v. Rales*, 971 F.2d 1034, 1055 (3d Cir.1992) ("Our case law manifests a strong preference that plaintiffs be given leave to amend where amendment is likely to cure the defects resulting in dismissal") (citation omitted). Nuseed Americas offers no argument or authorities in support of its request for dismissal with prejudice.

Indeed, a dismissal with prejudice would produce the absurd result that BASF is unable to obtain declaratory relief for a real and imminent threat of patent litigation, in the United States, relating to U.S. patents, where the negotiations were conducted wholly in the United States, because Nuseed Pty designated Nuseed Americas as its agent in those negotiations. If Nuseed Americas, by now asserting that it has no standing concerning the patents, is now asserting that it had no authority or basis to engage in licensing negotiations with BASF, then its presence at those prior negotiations was misleading, to say the least. To the contrary, however, the January 2017 letter makes clear that both Nuseed Pty and Nuseed Americas each had full authority to negotiate a license on behalf of CSIRO and GRDC.

Alternatively, to the extent the Court concludes that CSIRO and GRDC must be added as parties because they are *both* necessary and indispensable under Rule 19(a)-(b), the Court should grant leave to amend to add them as defendants, and/or transfer the case to the Eastern District of Virginia pursuant to 28 USC § 1404(a).[3]

---

[3] *Day v. 21st Century Centennial Ins. Co.,* C.A. No. 12-1096-LPS, 2014 WL 3909533, at *1 n.1 (D. Del. Aug. 11, 2014) ("The Third Circuit has not decided whether a district court may transfer venue under 28 U.S.C. § 1404(a) on its own motion. District Courts within this Circuit have held that when no motion to transfer to a more convenient venue has been filed, the Court may *sua sponte* transfer the case, but only after first providing the parties with an opportunity to brief the transfer issue. *See, e.g., Johnson v. U.S. Bancorp,* C.A. No. 10-1072-LPS, 2012 WL 1133689 (D. Del. Mar. 30, 2012); *Bank Express Int'l v. Kang,* 265 F. Supp. 2d 497, 507 n.12 (E.D. Pa. 2003)."). Here, Nuseed Americas will have such an opportunity in its reply brief.

The Eastern District of Virginia would have jurisdiction over at least CSIRO and GRDC. As patentees, CSIRO and GRDC are subject to personal jurisdiction for declaratory judgment actions in that district.  35 U.S.C. § 293 ("Every patentee not residing in the United States may file in the Patent and Trademark Office a written designation stating the name and address of a person residing within the United States on whom may be served process or notice of proceedings affecting the patent or rights thereunder. If the person designated cannot be found at the address given in the last designation, or if no person has been designated, the United States District Court for the Eastern District of Virginia shall have jurisdiction and summons shall be served by publication or otherwise as the court directs. The court shall have the same jurisdiction to take any action respecting the patent or rights thereunder that it would have if the patentee were personally within the jurisdiction of the court.").

## V. CONCLUSION

For the reasons stated, Nuseed Americas' motion to dismiss should be denied in its entirety.  In the alternative, BASF should be granted leave to amend and/or the case should be transferred to the Eastern District of Virginia.

| OF COUNSEL: | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
| Christian E. Mammen<br>HOGAN LOVELLS US LLP<br>3 Embarcadero Center, Suite 1500<br>San Francisco, CA  94111<br>(415) 374-2300<br><br>Arlene L. Chow<br>HOGAN LOVELLS US LLP<br>875 3rd Avenue<br>New York, NY  10022<br>(212) 918-3000<br><br>July 28, 2017 | */s/ Karen Jacobs*<br><br>Jack B. Blumenfeld (#1014)<br>Karen Jacobs (#2881)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>kjacobs@mnat.com<br><br>*Attorneys for Plaintiff BASF Plant Science, LP* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2017, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 28, 2017, upon the following in the manner indicated:

| | |
|---|---|
| James M. Lennon<br>Samantha G. Wilson<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Lawrence M. Sung<br>Mary Sylvia<br>WILEY REIN LLP<br>1776 K Street, NW<br>Washington, DC 20006<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

*/s/ Karen Jacobs*

Karen Jacobs (#2881)