IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BASF PLANT SCIENCE, LP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 17-421-MAK |
| | ) |
| NUSEED AMERICAS INC., | ) |
| | ) |
| Defendant. | ) |

**<u>REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS</u>**

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

James M. Lennon (No. 4570)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
*jlennon@ycst.com*
*swilson@ycst.com*

*Attorneys for Defendant*

OF COUNSEL:

Lawrence M. Sung
Mary Sylvia
WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
(202) 719-7000
*lsung@wileyrein.com*
*msylvia@wileyrein.com*

Dated: August 4, 2017

## **TABLE OF CONTENTS**

**Page**

ARGUMENT ................................................................................................................................ 1

1. There are distinct Nuseed corporate entities involved in the worldwide commercialization of genetically modified crop production of omega-3 oil. .................... 1

2. BASF's own supporting documents show that CSIRO and GRDC are indispensable parties. ........................................................................................................ 3

3. Dismissal of the case against Nuseed Americas is appropriate, and no basis exists for the transfer of this case. ................................................................................................ 5

4. There is no threat of imminent litigation here where the parties have been engaged in ongoing discussions, and where Nuseed Americas has no rights to sue under the patents-in-suit. ............................................................................................................ 7

CONCLUSION ........................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*A123 Sys., Inc. v. Hydro-Quebec*,
   626 F.3d 1213 (Fed. Cir. 2010) ..................................................................................................5

*Amgen, Inc. v. Ariad Pharms., Inc.*,
   513 F. Supp. 2d 34 (D. Del. 2007) .....................................................................................4, 5, 6

*Day v. 21st Century Centennial Ins. Co.*,
   C.A. No. 12-1096-LPS, 2014 WL 3909533 (D. Del. Aug. 11, 2014) .......................................6

*Gardiner v. Virgin Islands Water & Power Authority*,
   145 F.3d 635 (3d Cir. 1998) .......................................................................................................5

*LG.Phillips LCD Co. v. Chi Mei Optoelectronics Corp.*,
   551 F. Supp. 2d 333 (D. Del. 2008) ..........................................................................................3

*MedImmune, Inc. v. Genentech, Inc.*,
   549 U.S. 118 (2007) ..................................................................................................................8

*Moretti v. Hertz Corp.*,
   C.A. No. 14-469-LPS, 2015 WL 1383097 (D. Del. Mar. 23, 2015) .........................................3

*Propat Int'l Corp. v. RPost, Inc.*,
   473 F.3d 1187 (Fed. Cir. 2007) .................................................................................................4

*S3 Graphics Corp. v. ATI Techs. ULC*,
   C.A. No. 11-1298-LPS, 2015 WL 8999513 (D. Del. Dec. 11, 2015) .......................................9

*Samsung Electronics Co., Ltd. v. ON Semiconductor Corp.*,
   541 F. Supp. 2d 645 (D. Del. 2008) ......................................................................................7, 8

*SanDisk Corp. v. STMicroelectronics, Inc.*,
   480 F.3d 1372 (Fed. Cir. 2007) ..............................................................................................8, 9

*Semiconductor Energy Lab. Co. v. Nagata*,
   706 F.3d 1365 (Fed. Cir. 2013) .................................................................................................9

**STATUTES**

28 U.S.C. § 2201(a) .......................................................................................................................10

**RULES**

Fed. R. Civ. P. 12(b)(1) ............................................................................................................1, 10

Fed. R. Civ. P. 12(b)(6)......................................................................................................1, 10

Fed. R. Civ. P. 12(b)(7)......................................................................................................1, 10

Fed. R. Civ. P. 19................................................................................................................5, 10

Fed. R. Civ. P. 19(b) ...............................................................................................................5

# ARGUMENT

BASF fails to meet its burden of establishing subject matter jurisdiction under the Declaratory Judgment Act. No actual case or controversy exists because the threat of litigation alleged by BASF is unsupported legally and factually. First, Nuseed Americas has no right, title or interest in the patents-in-suit, and thus, could not bring suit against BASF on these patents. Second, BASF has not shown that its business discussions with Nuseed Americas gave rise to circumstances of "sufficient immediacy and reality" warranting a declaratory judgment.

BASF's Answering Brief distracts from the key issue – it named the wrong party as the sole defendant. It proceeds to misapply and overstate the case law, and casts aspersions on Nuseed Americas' offer to shed light on the situation. More troubling, the Answering Brief reveals that BASF was aware of several crucial facts when it filed the Complaint that directly undermine its allegations. BASF requests jurisdictional discovery seeking to gain access to confidential information about entities it has failed to name in this suit. BASF even suggests that the Court transfer this case to a new venue purportedly to cure the jurisdictional problem of capturing entities it failed to name here.

For the reasons set forth below and in its Opening Brief, Nuseed Americas respectfully asks the Court to grant its motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (6) and/or (7) for lack of subject matter jurisdiction, failure to state a claim, and/or for failure to join one or more indispensable parties.

### 1. There are distinct Nuseed corporate entities involved in the worldwide commercialization of genetically modified crop production of omega-3 oil.

The crux of this case is that there are different Nuseed corporate entities around the world in the business of commercializing genetically modified crop production of omega-3 oil, and BASF's claims regarding the patents-in-suit are directed at the wrong one. Whether in mistaken

belief or by failed design, BASF has named Nuseed Americas as the sole defendant while seeking to attack patents owned by others. As set forth in its Opening Brief, Nuseed Americas is the commercial partner of the owners of the patents-in-suit, Commonwealth Scientific and Industrial Research Organisation ("CSIRO") and the Grains Research and Development Corporation ("GRDC"). Nuseed Proprietary Limited ("Nuseed Pty. Ltd."), not defendant Nuseed Americas, is an exclusive licensee, in a particular field of use, of the patents-in-suit.

Inexplicably, BASF clings to its erroneous allegation in the Complaint that Nuseed Americas is the exclusive licensee to the patents-in-suit, essentially demanding in its Answering Brief, D.I. 14 at 3-4, that Nuseed Americas produce a third-party agreement (to which Nuseed Americas is not a party) to prove that it is a wrongly named party. BASF has not cited any legal authority to require a wrongly named defendant to bear the burden of proving this negative. At bottom, BASF's problem is that it treats Nuseed Americas, Nuseed Pty. Ltd., CSIRO and GRDC collectively.[1] But there is no basis in law or fact to do so.

Moreover, there is no precedent or convention to suggest that a commercial partner must have patent rights as a condition precedent to discussing business opportunities involving the technology to which such patent rights may pertain. BASF entered into a confidential negotiation with Nuseed Americas regarding the global commercialization of genetically modified crop production of omega-3 oil. *See* Declaration of Andry Andriankaja ("Adriankaja Decl."), D.I. 15 Exh. B. But Nuseed Americas' authority to negotiate a commercial agreement involving the technology on behalf of CSIRO and GRDC is not tantamount to Nuseed Americas having a right, title or interest in CSIRO and GRDC patents. Nowhere does the Confidentiality Agreement

---

[1] For example, BASF refers to "a history of patent disputes, globally, between the parties," Adriankaja Decl., D.I. 15 at ¶4, but points only to unrelated litigation outside the United States between BASF and CSIRO, with no involvement by Nuseed Americas, Nuseed Pty. Ltd, or GRDC.

or its Amendment represent that Nuseed Americas is a licensee of any CSIRO or GDRC patent, much less the patents-in-suit. *See id.* And as set forth *infra*, none of the other documents upon which BASF relies suggest anything different.

In fact, the Answering Brief reveals that BASF possessed information, which it chose not to present in support of its Complaint, that fully informed the circumstances surrounding the patents-in-suit. That BASF forged ahead to name Nuseed Americas as the sole defendant is a distress of its own making. Accordingly, the Court should reject BASF's request for jurisdictional discovery.[2]

### 2. BASF's own supporting documents show that CSIRO and GRDC are indispensable parties.

Nuseed Americas has no right, title or interest in the patents-in-suit. The only basis for BASF's allegation that Nuseed Americas is an exclusive licensee is a press release referring to "Nuseed." *See* D.I. 1 at ¶15. Even if the Court were to assume this vague and ambiguous reference to mean Nuseed Americas, which it does not, BASF's Answering Brief confirms that CSIRO and GRDC are indispensable parties.

In its Answering Brief, BASF attempts to supplement the record with two letters apparently sent by CSIRO and GRDC stating that Nuseed Pty. Ltd. was the "exclusive global licensee of the CSIRO and GRDC technology." Adriankaja Decl., D.I. 15 Exhs. B & C. BASF, however, ignores the critical definition of the technology as "Omega 3 polyunsaturated fatty acids from *canola* plants." *Id.* (emphasis added). Unsurprisingly, BASF chose not to rely upon

---

[2] In both cases BASF cites in support of its request for jurisdictional discovery, D.I. 14 at 4, courts in this District denied the respective plaintiffs' motions for jurisdictional discovery. *See Moretti v. Hertz Corp.*, C.A. No. 14-469-LPS, 2015 WL 1383097, at *5 (D. Del. Mar. 23, 2015) ("Given the Court's conclusions, there is neither need nor basis for Plaintiff to take jurisdictional discovery."); *LG.Phillips LCD Co. v. Chi Mei Optoelectronics Corp.*, 551 F. Supp. 2d 333, 343 (D. Del. 2008) ("Plaintiff's Alternative Motion for Leave to Use Discovery or, in the Further Alternative, to Conduct Jurisdictional Discovery (D.I.80) is DENIED as moot.").

these documents in its Complaint. The field-of-use restrictions to canola plainly show that CSIRO and GRDC did not convey to Nuseed Pty. Ltd., much less Nuseed Americas, all substantial rights to the licensed patents, including the patents-in-suit.[3]

It is undisputed that BASF was aware that the licensed patents, including the patents-in-suit, contain claims that broadly cover plants other than canola. *See* Adriankaja Decl., D.I. 15 Exh. C. By its own documents, therefore, BASF knew at least as early as January 16, 2017, that CSIRO and GRDC did not convey to Nuseed Pty. Ltd. all substantial rights to the licensed patents, including the patents-in-suit. Thus, even if Nuseed Pty. Ltd. were named a party, that would not suffice to confer standing without CSIRO and GRDC in a suit over the licensed patents, notwithstanding the moniker of exclusive licensee. Moreover, any doubt would have been removed by the statements in both the CSIRO and GRDC letters that "[o]f course, any negotiated resolution would ***require an agreement executed by all parties***." *See id.* Exhs. B & C (emphasis added). The law is well-settled that a retained right by the patentee for pre-approval of licensee action contravenes the transfer of all substantial rights to a patent, which in turn, vitiates the standing of the licensee to sue under the licensed patents without joining the patentee. *See Amgen, Inc. v. Ariad Pharms., Inc.*, 513 F. Supp. 2d 34, 41 (D. Del. 2007) (citing *Sicom Sys. Ltd. v. Agilent Techs, Inc.*, 427 F.3d 971 (Fed. Cir. 2005)); *Propat Int'l Corp. v. RPost, Inc.*, 473 F.3d 1187, 1192-93 (Fed. Cir. 2007). This is precisely the case here, making all the more curious BASF's decision to file its Complaint in this venue against only this Defendant.

---

[3] Although the CSIRO and GRDC letters may refer to Nuseed Americas as an "affiliate" of the Nuseed Pty. Ltd., *see* Adriankaja Decl., D.I. 15 Exhs. B & C, this does not establish that Nuseed Americas holds any right, title or interest in the patents-in-suit.

### 3. Dismissal of the case against Nuseed Americas is appropriate, and no basis exists for the transfer of this case.

Because Nuseed Americas has no right, title or interest in the patents-in-suit, it is axiomatic that this lawsuit cannot proceed without an entity that has right, title or interest in the patents-in-suit, such as CSIRO and GRDC. The cases cited in BASF's Answering Brief are inapposite. *See* D.I. 14 at 5-7. For example, BASF relies heavily on *Amgen, Inc. v. Ariad Pharms., Inc.*, 513 F. Supp. 2d 34 (D. Del. 2007), for its ambiguous assertion that CSIRO and GRDC are not necessary and/or indispensable parties under Federal Rule of Civil Procedure 19. Neither *Amgen* nor any other case BASF cites addressed a situation like the present case, where a party with no right, title or interest in the patents-in-suit is the sole named defendant.

Even if Nuseed Americas were a licensee of the patents-in-suit, which it is not, CSIRO and GRDC would still be necessary and indispensable parties. *See A123 Sys., Inc. v. Hydro-Quebec*, 626 F.3d 1213, 1217 (Fed. Cir. 2010) ("Under long-standing prudential standing precedent, an exclusive licensee with less than all substantial rights in a patent, such as a field-of-use licensee, lacks standing to sue for infringement without joining the patent owner."). Notably, despite its failure to name CSIRO and GRDC as defendants, BASF does not dispute in its Answering Brief that CSIRO and GRDC are necessary parties. *See* D.I. 14 at 4-7. Nor does BASF correctly address the four-factor test for indispensability. *See id.* at 6; *Amgen*, 513 F. Supp. at 42 n.47 (citing *Gardiner v. Virgin Islands Water & Power Authority*, 145 F.3d 635, 640 (3d Cir. 1998)). As set forth in the *Gardiner* case:

> Rule 19(b) identifies four factors to consider when a necessary party is indispensable: 'first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.'

*Id.* Each of the *Gardiner* factors favors dismissal.

First, even if Nuseed Americas were a licensee of the patents-in-suit, which it is not, such a license (like that between Nuseed Pty. Ltd, CSIRO and GRDC) would pertain only to the field of plant-based production of long chain omega-3 oil in genetically modified canola seed, whereas the patents-in-suit include claims broadly relating to genetically modified crop production of omega-3 oil. Therefore, a judgment of invalidity of the claims of the patents-in-suit in the absence of CSIRO and GRDC would be prejudicial because the interests of CSIRO and GRDC in the patents-in-suit are not co-extensive with the licensed rights and may not be adequately protected. Second and third, this prejudice could not be lessened or avoided, and a judgment rendered in the absence of CSIRO and GRDC would not be adequate, because, for example, the patent claims may not be rewritten as a matter of law to align only with the licensed field-of-use scope or otherwise parsed. Fourth, BASF admits it has an adequate remedy at law. *See* D.I. 14 at 6 (asserting an alternate district court forum). In addition, the U.S. Patent and Trademark Office is authorized under The Leahy-Smith America Invents Act (AIA) to hear patent invalidity challenges. Alternatively, BASF could have simply brought suit against the proper parties in a proper venue. Accordingly, all four *Gardiner* factors favor dismissal of BASF's Complaint absent joinder of CSIRO and GRDC.

Furthermore, the transfer of this case, against only Nuseed Americas, to the U.S. District Court for the Eastern District of Virginia as requested by BASF, D.I. 14 at 6 n.2, 13-14, or to any other district court, would be improper. The case on which BASF relies in its Answering Brief for this request, *id.* at 13 n.3, is inapposite. In *Day v. 21st Century Centennial Ins. Co.*, C.A. No. 12-1096-LPS, 2014 WL 3909533 (D. Del. Aug. 11, 2014), the Court did not address a case, like here, where a necessary and indispensable party is absent. BASF cites no authority for the

transfer of a case to facilitate personal jurisdiction over a putative foreign defendant. The Court should reject BASF's request for transfer.

### 4. There is no threat of imminent litigation here where the parties have been engaged in ongoing discussions, and where Nuseed Americas has no rights to sue under the patents-in-suit.

BASF does not, and indeed cannot, dispute that Nuseed Americas, with no right, title or interest in the patents-in-suit, lacks authority to bring suit against BASF on these patents as a matter of law. Whether or not BASF genuinely believed litigation to be "inevitable and imminent," D.I. 1 at ¶18, becomes moot in light of this legal fact. In its Complaint, BASF fails to set forth any ground other than the parties' interactions that allegedly give rise to actual case or controversy. BASF's improper attempt in its Answering Brief to supplement the record with a vague and arguably irrelevant assertion of "production in the U.S. by end of the decade pending necessary regulatory approvals," Adriankaja Decl., D.I. 15 at ¶5, does not cure this deficiency.

Furthermore, BASF ignores the fatal infirmity to declaratory judgment jurisdiction manifest by its ongoing post-Complaint business discussions with Nuseed Americas. In its Answering Brief, BASF offers only a perfunctory statement attempting to minimize this damage.

> Likewise, Nuseed Americas seems to suggest that once declaratory judgment litigation has been commenced, any further negotiations or discussions between the parties destroys the case-or-controversy that prompted the declaratory judgment action. ***This is wrong as a matter of law.*** *Samsung Electronics Co., Ltd. v. ON Semiconductor Corp.*, 541 F. Supp. 2d 645, 649 (D. Del. 2008) ("The continuation of licensing negotiations is not dispositive with regard to the existence of an actual controversy.").

D.I. 14 at 11 (emphasis added). And BASF misstates the law in this regard. In *Samsung*, this Court did not address post-Complaint interactions between the parties:

> On November 20, 2006, Mr. Shim advised Mr. Botsch that the parties' positions remained far apart, and informed him that Samsung had filed this declaratory judgment action. Mr Shim indicated that Samsung still preferred to settle the matter, and informed Mr. Botsch of Samsung's counteroffer, a cross-license

7

> encompassing the '594, '644 and '001 patents and all Samsung's patents, and a $1 million payment to ON Semiconductor. ON Semiconductor immediately rejected Samsung's counteroffer. Following ON Semiconductor's rejection of Samsung's counteroffer, Mr. Shim ***did not request or suggest continuing licensing discussions, and the parties have had no further licensing discussions***.").

*Samsung Elecs. Co. v. ON Semiconductor Corp.*, 541 F. Supp. 2d 645, 647-48 (D. Del. 2008) (emphasis added). The court in *Samsung*, therefore faced a different factual scenario than the present case. A fuller view of the court's statements in *Samsung* belies the implication in BASF's Answering Brief that post-Complaint interactions between the parties have no place in a declaratory judgment jurisdiction inquiry:

> The record evidence demonstrates that ON Semiconductor accused Samsung of infringing the '594, '644 and '001 patents, by letters dated September 15, 2005 and April 24, 2006, and had made a "studied and considered determination" of infringement. Samsung has maintained that its DRAMs do not infringe the patents-in-suit, and that the patents-in-suit are invalid. The continuation of licensing negotiations is not dispositive with regard to the existence of an actual controversy. *SanDisk*, 480 F.3d at 1381.

*Samsung*, 541 F. Supp. at 649 (internal citations omitted). Accordingly, in *Samsung*, the court opined only that the context of a (pre-Complaint) licensing negotiation did not immunize actions otherwise reflecting an actual controversy. The citation to *SanDisk*, where the U.S. Court of Appeals for the Federal Circuit merely noted in passing that *MedImmune* involved a patent license, further clarifies that the court in *Samsung* did not consider, much less disparage, the effect of post-Complaint interactions between the parties on declaratory judgment jurisdiction. *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007) (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007)). Here, BASF's undisputed ongoing post-Complaint interactions with Nuseed Americas, including discussions regarding the patents-in-suit, belie BASF's assertion that it believed the parties were at an impasse in business discussions.

Nuseed Americas disputes the factual allegations that BASF raises for the first time in its Answering Brief. *See* Adriankaja Decl., D.I. 15 at ¶¶8-13. Indeed, BASF contradicts itself, for example, where the Adriankaja Declaration refers to the April 13, 2017 meeting between the parties as a "face-to-face meeting," *id.* at ¶10, and on the other hand, the Complaint refers to the meeting as a "telephone conference," D.I. 1 at ¶18. The vague assertions in the Adriankaja Declaration as to who said what (devoid of any context), with which Nuseed Americas disagrees, are both untimely and unhelpful. But the Court need not resolve these factual disputes. What is clear and undisputed is that BASF and Nuseed Americas have continued to discuss a business arrangement, including the patents-in-suit, after BASF filed its Complaint. This belies BASF's allegation that there was a clear and imminent threat of litigation when BASF filed its Complaint, or for that matter, at any time since.

The absence of "sufficient immediacy and reality" requires the dismissal of this case for lack of an actual case or controversy. Even if BASF were to seek, and the Court were to grant, leave to amend the Complaint to name other parties, BASF's request for leave to amend, D.I. 14 at 12-13, discounts the fact that dismissal with prejudice is appropriate as to Nuseed Americas because the lack of right, title or interest in the patents-in-suit renders futile any further proceeding against Nuseed Americas. *Cf. S3 Graphics Corp. v. ATI Techs. ULC*, C.A. No. 11-1298-LPS, 2015 WL 8999513, at *2 n.2 (D. Del. Dec. 11, 2015) (citing *Semiconductor Energy Lab. Co. v. Nagata*, 706 F.3d 1365, 1367 (Fed. Cir. 2013) (noting the Federal Circuit's affirmance of a district court's dismissal with prejudice of declaratory judgment claims in the absence of infringement allegations possibly motivated by the futility of amendment to add the affirmative defense of assignor estoppel)).

## CONCLUSION

BASF has failed to provide a sufficient basis for its Complaint to survive Nuseed Americas' motion to dismiss. Accordingly, the Court should dismiss the Complaint for at least three reasons. First, pursuant to Federal Rule of Civil Procedure 12(b)(6), BASF has failed to state a claim upon which relief may be granted because Nuseed Americas is an improper party Second, pursuant to Federal Rules of Civil Procedure 12(b)(7), BASF has failed to join one or more indispensable parties under Federal Rule of Civil Procedure 19. Third, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 28 U.S.C. § 2201(a), there is no case or controversy between Nuseed Americas and BASF and prudential reasons exist regarding why this Court should decline to hear the case.

| | |
|---|---|
| Dated: August 4, 2017 | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| | */s/ Samantha G. Wilson* |
| | James M. Lennon (No. 4570) |
| | Samantha G. Wilson (No. 5816) |
| | Rodney Square |
| | 1000 North King Street |
| | Wilmington, DE 19801 |
| | (302) 571-6600 |
| | *jlennon@ycst.com* |
| OF COUNSEL: | *swilson@ycst.com* |
| Lawrence M. Sung | *Attorneys for Defendant Nuseed Americas Inc.* |
| Mary Sylvia | |
| WILEY REIN LLP | |
| 1776 K Street, NW | |
| Washington, DC 20006 | |
| (202) 719-7000 | |
| lsung@wileyrein.com | |
| msylvia@wileyrein.com | |

01:22225801.1